IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-CR-3051 |
| Plaintiff, | **INDICTMENT** |
| vs. | Count 1 |
| DAVID WILCOX and GLOBAL PROCESSING, INC., | 18 U.S.C. § 157: Bankruptcy Fraud |
| Defendants. | Count 2: 18 U.S.C. § 152(3): False Bankruptcy Declaration |

Introduction

1. In about 2009, defendant DAVID WILCOX incorporated defendant GLOBAL PROCESSING, INC. ("GPI") with the Iowa Secretary of State ("the Iowa SOS"). At all relevant times to this Indictment, defendant DAVID WILCOX was the president and sole owner of defendant GPI. Defendant GPI's principal place of business was at Kanawa, Hancock County, Iowa.

2. From Kanawa and elsewhere, defendants DAVID WILCOX and GPI bought, stored, processed, and sold grain in interstate and foreign commerce. Defendants DAVID WILCOX and GPI purported to specialize in the trade and processing of organic and non-genetically organism ("non-GMO") soybeans, which defendant GPI often bought from Iowa farmers and sold in Asia.

3. Beginning no later than about May 2017, the Iowa Department of Agriculture and Land Stewardship ("IDALS") issued defendant GPI licenses to operate as a grain dealer and warehouse. Because soybeans are a regulated grain

under Iowa law, IDALS required defendant GPI, among other things, (1) to maintain complete and accurate records of all purchases of grain from farmers and (2) to make timely payment to farmers for grain sold to defendant GPI. *See* Iowa Code chapters 203, 203D; 21 Iowa Admin. Code chapters 90, 91. Generally, farmers are entitled to payment from an Iowa-licensed grain dealer upon demand but, in any event, no later than thirty days after delivery. *See* Iowa Code section 203.8.

4. Defendants DAVID WILCOX and GPI did not maintain complete and accurate records of grain purchases from farmers or pay those farmers in a timely manner, as required. Defendant GPI was an undercapitalized sham corporation and the *alter ego* of defendant DAVID WILCOX, a convicted felon. For example, defendant GPI did not accurately account for its inventory, receivables, or contracts, and its quarterly financial statements were not consistent with its internal books.

5. By means of the scheme to defraud described further in Count 1 below ("the scheme to defraud"), defendants DAVID WILCOX and GPI stole over $4 million in organic and non-GMO soybeans from farmers. As a result of the scheme to defraud, defendants DAVID WILCOX and GPI caused approximately $2 million in losses to the State of Iowa's Grain Depositors and Sellers Indemnity Fund ("the Fund")—nearly depleting the Fund, which the Iowa legislature created to protect Iowa farmers during the 1980s Farm Crisis.

6. On or about September 22, 2022, the Iowa SOS administratively dissolved defendant GPI, after defendant DAVID WILCOX failed to file a required biennial report for defendant GPI in a timely manner. On or about October 19, 2022, defendant DAVID WILCOX caused Law Firm-1 to request reinstatement of

defendant GPI with the Iowa SOS and, approximately five days later, to file for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Iowa, in an effort to conceal and execute the scheme to defraud.

## Count 1
## Bankruptcy Fraud

7. Paragraphs 1 through 6 above are incorporated by this reference.

### The Scheme to Defraud

8. Beginning on an unknown date but no later than about 2019, and continuing to at least about 2022, in the Northern District of Iowa and elsewhere, defendants DAVID WILCOX and GPI devised and executed a scheme to defraud farmers out of payment for their grain, specifically, organic and non-GMO soybeans.

### Manner of Means of the Scheme to Defraud

9. It was part of the scheme to defraud that defendants DAVID WILCOX and GPI would agree with farmers that defendant GPI would purchase organic and non-GMO soybeans from the farmers at a premium price above the Chicago Board of Trade rate. After receiving the specialty soybeans from the farmers, however, defendant DAVID WILCOX would direct defendant GPI's employees to pay some of the farmers but withhold payment from other farmers.

10. It was also part of the scheme to defraud that defendant DAVID WILCOX would instruct defendant GPI's employees to generate checks drawn on defendant GPI's main checking account payable to the farmers but, instead of delivering the checks to the farmers in a timely manner, defendant DAVID WILCOX impounded the checks in a safe, a vehicle, and/or a briefcase. Defendant

DAVID WILCOX then directed defendant GPI's employees to place photocopies of these undelivered checks into defendant GPI's files, making it appear, falsely, to IDALS inspectors that defendant GPI had paid all farmers in a timely manner when, as defendant DAVID WILCOX well knew, defendant GPI had not paid some of the farmers for months and/or years.

11. It was also part of the scheme to defraud that defendant DAVID WILCOX obscured defendant GPI's true financial position, and the extent of his income from the scheme to defraud, from regulators and others by false, fictitious, and fraudulent means. For example, defendant DAVID WILCOX directed defendant GPI's employees to categorize his own personal expenses as defendant GPI's corporate expenses, using false and fraudulent expense categories, such as "costs of goods sold," in defendant GPI's books and records.

12. It was part of the scheme to defraud that, after selling the farmers' organic and non-GMO soybeans to defendant GPI's customers in Asia and elsewhere, defendant DAVID WILCOX used funds generated from the sales of the stolen soybeans to operate defendant GPI and otherwise for his own personal benefit, including but not limited to the purchase of "Red Angus" cattle, genetic material for cattle, and cattle care, as well the payment of personal expenses incurred on credit cards and other benefits for himself and his paramour, Individual-1.

13. Finally, it was part of the scheme to defraud that defendant DAVID WILCOX directed the creation of fraudulently inflated trucking invoices between defendant GPI and Individual-2 in order to provide defendant DAVID WILCOX

with additional and unreported cash income that he was hiding from Individual-3, his ex-wife, and a state court. The fraudulently inflated invoices purported to show amounts due and owing from defendant GPI to Individual-2 for transporting grain. After defendant GPI paid Individual-2 on the fraudulently inflated trucking invoices by means of a check drawn on one of defendant GPI's accounts, Individual-2 provided defendant DAVID WILCOX with cash kickbacks at defendant DAVID WILCOX's direction.

### Execution of the Scheme to Defraud

14. Having devised and intending to devise the scheme and artifice to defraud identified above, and for the purpose of executing and concealing said scheme and artifice, in the Northern District of Iowa and elsewhere, defendants DAVID WILCOX and GPI caused Law Firm-1 to file (1) a petition under Title 11, *In re Global Processing, Inc.*, Case Number 22-00669, in the United States Bankruptcy Court for the Northern District of Iowa on or about October 24, 2022, and (2) a document in that proceeding, namely, a summary of assets and liabilities with schedules, on or about November 21, 2022.

15. This was in violation of Title 18, United States Code, Section 157.

### Count 2
### False Bankruptcy Declaration

16. Paragraphs 1-6 and 8-14 above are incorporated by this reference.

17. On or about November 21, 2022, in the Northern District of Iowa, defendants DAVID WILCOX and GPI knowingly and fraudulently made and caused to be made a false declaration, certificate, and verification under the penalty of

perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, *In re Global Processing, Inc.*, Case Number 22-00669, in the United States Bankruptcy Court for the Northern District of Iowa, by submitting a summary of assets and liabilities with schedules, in which the defendants fraudulently (1) stated that defendant DAVID WILCOX had loaned defendant GPI $275,000 when, in truth, defendant DAVID WILCOX had caused defendant GPI to obtain a $275,000 loan from Bank-1 and funnel the proceeds to defendant DAVID WILCOX through a shell corporation, Verified Grains, Inc.; (2) omitted to disclose payments and other transfers of property that defendant GPI made within one year of the filing of the bankruptcy that benefitted an insider, specifically, defendant DAVID WILCOX, including (i) the purchase of a Red Angus cow on or about April 4, 2022, by means of check number 13801 drawn on the account of defendant GPI ending in 7729, payable in the amount of $22,000; and (ii) the purchase of genetic material for cattle on or about January 19, 2022, by means of check number 13157 drawn on the same account, payable in the amount of $88,850.

18. This was in violation of Title 18, United States Code, Section 152(3).

A TRUE BILL

Foreperson   Date 11/20/24

TIMOTHY T. DUAX
United States Attorney

By: *Timothy T. Vavricek*

TIMOTHY L. VAVRICEK
Assistant United States Attorney

PRESENTED IN OPEN COURT
BY THE
FOREMAN OF THE GRAND JURY

And filed 11/20/2024
PAUL DE YOUNG, CLERK